**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE DIVISION**

| | |
|---|---|
| IN RE: | |
| SYDNEY L. FIELDS | CASE NO. 19-70282 |
| DEBTOR | CHAPTER 7 |
| RICKI DANIELLE STURGILL | PLAINTIFF |
| vs. | ADV. NO. 19-7002 |
| SIDNEY L. FIELDS | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT IN PART**

Plaintiff Ricki Danielle Sturgill requests summary judgment on her claim that marital debts owed by Debtor Defendant Sidney L. Fields pursuant to the parties' divorce decree are nondischargeable.[1] [ECF No. 31 (the "Motion").]  A hearing was held on May 12, 2020, and the matter was taken under submission.  Plaintiff's request to except the marital debt from Debtor's discharge pursuant to § 523(a)(15) is granted, but her request for a sum certain monetary judgement is denied.

**I.    BACKGROUND.**

The parties agree on the facts necessary for the decision.  Plaintiff and Defendant were divorced by the Letcher County Circuit Court on February 21, 2019. The divorce decree is attached to the Complaint and to the Motion and sets forth certain amounts owed by Defendant

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

1

to Plaintiff for a pull-behind trailer and various furniture purchases financed by Synchrony Bank. Defendant has not paid Plaintiff in accordance with the decree.

Defendant filed a chapter 7 bankruptcy petition on May 14, 2019. Plaintiff commenced this adversary proceeding on July 29, 2019, and filed her Second Amended Complaint on July 30, 2019. [ECF No. 5 (the "Complaint").] After procedural issues relating to service were resolved, Plaintiff filed the Motion on March 31, 2020. Defendant, acting *pro se* in this case, failed to file an answer or other pleading in response to the Complaint. He also did not file any written opposition to the Motion. Defendant did, however, appear at the hearing on May 12, 2020, to present his position to the Court.

Plaintiff claims Defendant owes her a nondischargeable obligation of $4,717.56 pursuant to the divorce decree. Plaintiff also requests "additional amounts owed as a result of late fees/penalties and interest thereon." [ECF No. 31 at 3.] Defendant raised complaints about the divorce decree, but he conceded that it is final. He raised no defenses to Plaintiff's request other than an inability to pay the amounts due.

## II.    JURISDICTION AND SUMMARY JUDGMENT STANDARD.

This Court has jurisdiction over this adversary proceeding and venue is proper. 28 U.S.C. §§ 1334(b), 1409. Plaintiff's nondischargeability claim is a core proceeding. 28 U.S.C. § 157(b)(2)(I). The parties have consented to this Court's entry of final orders.

Civil Rule 56 allows entry of summary judgment if there is no dispute over the material facts and those facts support a judgment. FED. R. CIV. P. 56(a), made applicable by FED. R. BANK. P. 7056. A fact is material if it would affect the outcome of the dispute under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must assume all inferences from the facts in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. ANALYSIS.

Count One of the Complaint seeks a determination that the debts due to Plaintiff pursuant to the divorce decree are excepted from discharge. *See* 11 U.S.C. § 523(a)(15). Section 523(a)(15) provides:

> A discharge under section 727 , 1141 , 1228(a) , 1228(b) , or 1328(b) of this title does not discharge an individual debtor from any debt-- (15) to a spouse, former spouse, or child of the debtor . . . incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record.

*Id.*

The obligations in the divorce decree require direct payments that are not for child support or maintenance. Part of the monies are owed directly to Plaintiff. Those debts fall squarely within § 523(a)(15). *See Howard v. Howard*, 336 S.W.3d 433, 442–44 (Ky. 2011). The additional monies were at one time owed jointly by the parties to third party credit card companies. They are now owed solely by Defendant pursuant to the divorce decree. Those monies are also nondischargeable under § 523(a)(15). *Id.* at 433 ("the broad definition of debt has been interpreted to encompass divorce decree-imposed obligations to a former spouse to make payments on a loan from a third party."); *see also Trimble v. Trimble*, 511 S.W.3d 392, 397 (Ky. App. 2016):

> The weight of authority holds that a separate, otherwise enforceable, obligation to one's present or former spouse under a separation agreement or a divorce decree to make payments on third-party debt is not dischargeable in Chapter 7 bankruptcy following the BAPCPA amendments.

*Id*.

Under the Bankruptcy Code, "all debts owed to a former spouse . . . are nondischargeable [in a chapter 7 case] if incurred in the course of a divorce proceeding, notwithstanding the debtor's ability to pay the debt or the relative benefits and detriments to the parties." *In re Tarone*, 434 B.R. 41, 48 (Bankr. E.D.N.Y. 2010).  The record does not show any defenses to negate Defendant's duty to pay.  Therefore, the debts are non-dischargeable under § 523(a)(15) as a matter of law.[2]  *See, e.g., In re Gibson*, 219 B.R. 195, 203 (B.A.P. 6th Cir. 1998); *In re Owens*, 191 B.R. 669, 673–674 (Bankr. E.D. Ky. 1996).

### IV.  CONCLUSION.

The Motion is GRANTED IN PART. [ECF No. 31.]  The obligations due from Defendant to Plaintiff under the divorce degree are excepted from discharge pursuant to § 523(a)(15).  Plaintiff also requests a sum certain money judgment, but the record is not sufficient to decide this request.  If Plaintiff wants a decision beyond the nondischargeable nature of the debt, she must supplement the record within twenty-one (21) days.

---

[2] Count Two of the Complaint asserts a claim that the debts Defendant owes to Plaintiff under the divorce decree should be excepted from Defendant's discharge pursuant to § 523(a)(6).  While the Motion references § 523(a)(6), it does not provide relevant facts or a reasoned legal argument to explain why Plaintiff is entitled to a summary judgment under this section.  Accordingly, for purposes of the Motion, the Court deems this argument waived.  *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (internal quotation marks omitted)).

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Thursday, May 28, 2020**
**(grs)**